UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSARIO VITO CARUSO, | ) |
| Plaintiff, | ) |
| v. | ) 1:08-cv-00387-JAW |
| CHRIS BANKER, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO REOPEN CASE**

On November 13, 2008, Rosario Vito Caruso, then an inmate at the Maine State Prison, filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Chris Banker, a corrections officer at the Prison, alleging that Officer Banker assaulted him on June 24, 2008. *Compl.* (ECF No. 1). On February 26, 2009, Officer Banker answered the Complaint. *Answer* (ECF No. 7). On the same day, the Magistrate Judge issued a Scheduling Order. *Scheduling Order* (ECF No. 8). The Scheduling Order set a discovery deadline of July 30, 2009 and a dispositive motion deadline of August 20, 2009. *Id.* at 2.

On August 19, 2009, Officer Banker filed a seven-page motion for summary judgment with a statement of facts, five supporting affidavits, and attached documentation. *Mot. for Summ. J. of Def. Chris Banker* (ECF No. 9); *Statement of Material Facts of Def. Chris Banker* (ECF No. 10); *Aff. of Chris Banker* (ECF No. 11); *Aff. of Tony Mendez* (ECF No. 12); *Aff. of Clayton Knight* (ECF No. 13); *Aff. of Jeanmarie Koenig* (ECF No. 14); *Aff. of Janine Collins* (ECF No. 15). Mr. Caruso failed to respond to Officer Banker's motion for summary judgment and on September

11, 2009, the Court granted the motion without objection. *Order Granting Without Obj. Mot. for Summ. J.* (ECF No. 16). On September 14, 2009, the Court Clerk entered a judgment in favor of Officer Banker and against Mr. Caruso. *J. in Favor of Chris Banker Against Rosario Vito Caruso* (ECF No. 17).

On September 21, 2009, Mr. Caruso requested relief from final judgment, stating that he needed more time because he was recently "sent from the Maine State Prison in Warren to the Somerset County Jail in Madison" and had neither "the means to research case law" nor "the proper paperwork to file." *Letter Mot. for Order for Relief from J.* (ECF No. 19). On September 25, 2009, the Court granted Mr. Caruso's motion and allowed him two weeks from the date of the order to file a response to Officer Banker's motion for summary judgment, making his opposition due on or before October 9, 2009. *Order Granting Mot. for Relief from J. And Denying Mot. for Appointment of Counsel* at 1–2 (ECF No. 20).

Mr. Caruso did not respond to the motion for summary judgment, but on October 6, 2009, he moved to delay his case until after he had been released from prison, which the Court construed as a motion to dismiss without prejudice.[1] *Letter Mot. from Rosario Caruso* (ECF No. 21). On October 8, 2009, Officer Banker objected to the motion to dismiss and requested that the dismissal be with prejudice. *Opp'n of Def. to the Pl.'s Mot. to Dismiss the Compl. Without Prejudice* (ECF No. 22). On October 15, 2009, overruling Officer Banker's objection, the Court dismissed Mr.

---

[1] In its Order, the Court observed that an alternative would be to view the motion as a motion to stay the proceedings until Mr. Caruso was released from incarceration. *Order on Mot. to Dismiss* at 1 n.1 (ECF No. 23). The Court noted that Mr. Caruso did not indicate how long the stay was likely to last and that Mr. Banker would be prejudiced by a lengthy stay. *Id.*

2

Caruso's Complaint without prejudice. *Order on Mot. to Dismiss* at 1–2 (ECF No. 23) (*Order*). On the same day, the Court Clerk entered a judgment against Mr. Caruso's Complaint and in favor of Chris Banker. *J.* (ECF No. 24).

Then Mr. Caruso let his case go to sleep for nearly seven years. On September 8, 2016, Mr. Caruso wrote the Court to request that it reopen his case. *Letter Mot. to Reopen Case* (ECF No. 25). In the letter, acknowledging that it has been "quite a while" since he filed the § 1983 complaint, Mr. Caruso explains "I was in Missouri and unavailable to attend any court proceedings." *Id.* at 1.[2] On September 28, 2016, Officer Banker objected, noting the history of the case, including the Court's refusal to stay the case in 2009 and its advice to Mr. Caruso to review the contents of the motion for summary judgment before re-filing a new complaint. *Opp'n to Mot. to Reopen the Case* (ECF No. 27).

The Court agrees with Officer Banker that much too much time has passed for the Court to allow Mr. Caruso to reopen case against Officer Banker. Mr. Caruso has simply slept on his rights year after year and now awakened, he asks the Court to excuse him from his inaction. Merely being "in Missouri" is not a legitimate excuse. The Court routinely deals with litigants from all over the country and occasionally the world, and they are able to pursue their claims.

If the Court were to grant Mr. Caruso's motion to reopen, it would effectively have granted him a stay, which it refused to do on October 15, 2009, and had the

---

[2] From his return address and his MDOC number, the Court assumes that Mr. Caruso has returned to the custody of the Maine Department of Corrections and is currently incarcerated in the Maine Correctional Center in Windham, Maine.

3

Court granted a stay in 2009, it would not have granted a seven-year stay, allowing Mr. Caruso to litigate an assault claim almost nine years after it allegedly occurred.

Mr. Caruso's motion is also years late based on any potentially applicable provision of the civil rules.  *See* FED. R. CIV. P. 59(b), (e) (twenty eight days after the entry of judgment); FED. R. CIV. P. 60(b), (c) (within one year or for some bases, within a reasonable time, after the entry of judgment).

This brings the Court to a final point.  Mr. Caruso was not the only party to his lawsuit.  Officer Banker was a defendant and, as the Court noted in its earlier order, "Mr. Banker, no less than Mr. Caruso, deserves a speedy resolution to the pending lawsuit, and there is no telling whether witnesses and other evidence would be available at some undefined time in the future as they are today."  *Order* at 1 n.1.  Even if Mr. Caruso could make some kind of equitable claim, which other than being in Missouri he has not, the Court would be loathed to force Officer Banker to defend an assault claim nearly nine years after it allegedly took place.  Using the potentially applicable state statutes of limitation as a guide, *see Burnett v. Grattan*, 468 U.S. 42, 48–50 (1984), Mr. Caruso would have to have filed his lawsuit within a much shorter time from the alleged assault to fit within the applicable statute of limitations.  *See* 14 M.R.S. § 752 (six years after the cause of action accrues for all civil actions); 14 M.R.S. § 8110 (two years after the cause of action accrues against a governmental entity or its employees).  Witnesses become unavailable, memories fade, and documents go missing or are destroyed.  It would be grossly unfair to require Officer Banker to defend a claim so long ago extinguished by a final order of this Court.

The Court DENIES Rosario Vito Caruso's Motion to Reopen (ECF No. 25).

SO ORDERED.

                                             <u>/s/ John A. Woodcock, Jr.</u>
                                             JOHN A. WOODCOCK, JR.
                                             UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2017